BYRD *v.* STATE

[No. 327, September Term, 1961.]

*Decided June 18, 1962.*

The cause was argued before Brune, C. J., and Hammond, Prescott, Horney and Sybert, JJ.

*Frank Cannizzaro, Jr.,* for appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *George J. Helinski, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

Per Curiam.

John F. Byrd, Jr., who was convicted of larceny by the Criminal Court of Baltimore sitting without a jury, appeals. He contends, essentially, that the State failed to prove the corporate existence of the alleged owner of the stolen vehicle, that it failed to prove the ownership of the vehicle, and that it produced insufficient evidence to convict him of larceny.

The indictment under which Byrd was convicted charged him with larceny of a 1961 Chevrolet Impala from "City Chevrolet Co., Inc., a corporation." At trial, the State's first question of its first witness—a salesman for City Chevrolet—was, "Directing your attention to October 20, 1961 [the date

of the larceny], you were employed by the City Chevrolet *Corporation* at that time, is that correct?" (Emphasis added.) The witness replied, "Yes." The salesman's subsequent testimony established that the stolen vehicle belonged to City Chevrolet and that he had been using it as a demonstrator at the time of its theft. The sales manager for City Chevrolet also testified that the car "belonged to City Chevrolet." Although no testimony concerning the Chevrolet agency—after the initial question to the salesman—identified it as a corporation, each witness thereafter called it "City Chevrolet."

As we said in *Richardson v. State,* 221 Md. 85, 89, "formal proof" of a corporation's existence is not necessary in a criminal proceeding; it may be proved "orally and by general reputation." We think the evidence produced by the State in this case sufficient in this regard, and the *Richardson* case almost parallel on its facts. The appellant relies heavily upon *Sippie v. State,* 227 Md. 449, a reversal, where not only was there a complete absence of any proof of corporate existence but also a failure on the part of the State to prove the ownership of stolen money. Here, there was clear proof of ownership, as amply shown by the testimony of the salesman and the sales manager of City Chevrolet. *Cf. Wersten v. State,* 228 Md. 226.

Finally, the State's evidence was sufficient to allow the trial court to conclude that Byrd had exercised control and dominion over the car shortly after it was stolen from City Chevrolet. There was testimony that he had been seen sitting in the car, that he had inquired as to the cost of a new tire for it (the spare tire was missing when the police impounded the car, which had been parked one block from Byrd's home), and that he had asked about the price of a battery "hot-shot" for it. Also, there were produced in evidence documents which had been in the glove compartment of the car at the time of its theft and which the police had subsequently found in Byrd's home.

This recent possession of the stolen vehicle, which the trial judge concluded was not explained by the appellant's alibi, justified the inference that Byrd was the thief of the car. See *Glaros v. State,* 223 Md. 272.

*Judgment affirmed.*