## BYRD v. WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 122, September Term, 1963.]

*Decided June 16, 1964.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Per Curiam.

The applicant was convicted in the Criminal Court of Baltimore of the larceny of a Chevrolet automobile belonging to a dealer in that city, which was stolen from the dealer's lot. The applicant appealed and his conviction and sentence to imprisonment were affirmed by this Court in *Byrd v. State,* 229 Md. 148, 182 A. 2d 47. Among other contentions there determined adversely to the applicant was his claim that the evidence was insufficient to sustain his conviction. In the post conviction proceedings he again seeks to raise such questions, including a claim that one witness for the State was not cross-examined fully as to why he had certain items in a brief case and why he left the keys in the car (matters which seem of no relevance). He also sought to attack the indictment—apparently because of the joinder of alternative counts charging grand larceny, petty larceny and unauthorized use of a vehicle. All these contentions were properly rejected by Judge Prendergast. The trial judge also found against the applicant on the facts on his contention that counsel at the original trial had been incompetent. Nothing is shown in the application for leave to appeal to suggest any error in this finding.

But for an apparent inadvertence in the opinion of the trial court, we should deny the application for leave to appeal simply

on the basis of Judge Prendergast's opinion and without further comment. This inadvertence is that in stating the offense of which the applicant had been convicted and the history of the case, the trial judge gave erroneously the name and location of the Chevrolet dealer from whom, and from whose lot, the car had been stolen. From this the applicant argues that his case was not properly and carefully considered by the trial court. We are of the opinion, however, from an examination of the trial court's findings and conclusions set forth in his opinion that the applicant's contentions were carefully and adequately considered and were properly disposed of. The inaccurate recitals of the name of the dealer and the location of its lot do not affect the validity of the applicant's conviction or the propriety of his incarceration. We also do not agree with the applicant's claim that the opinion of the trial court accuses him of an offense that he did not commit. It is inaccurate in the respects stated in describing an offense which he did commit. Both the dealer's name and the location of the lot are correctly stated in the opinion of this Court in *Byrd v. State, supra;* and both the essential nature of the offense and the date of its commission are stated there and in Judge Prendergast's opinion. Our opinion on Byrd's appeal and this opinion identify with accuracy the offense of which the applicant was convicted and, we think, prevent any reasonable possibility of confusion in the future in the event (which we think unlikely) that any question with regard thereto should arise. No useful purpose would be served by granting leave to appeal simply to correct these inaccuracies in the opinion of the trial court (which may in any event be corrected by amendment or by supplemental opinion). We consider them insufficient as a ground for granting leave to appeal; and, as we have already indicated, we find no other ground for granting such leave.

*Application denied.*