# BEY *v.* STATE

[No. 151, September Term, 1964.]

*Decided February 2, 1965.*

The cause was submitted on the brief to PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

Submitted by *Alan Edgar Harris* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Carville M. Downes, Assistant Attorney General, Charles E. Moylan, Jr.* and *Frank Cannizzaro, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* for appellee.

PER CURIAM.

Convicted in a non-jury trial of the larceny of two tape recorders valued at over $100, the appellant, Paul H. Bey, Jr., contends on this appeal that the evidence was insufficient to support his conviction.

Police investigating the theft from an office building in Baltimore learned that the appellant had previously worked for the maintenance company which cleaned the office building at night. Several days later the appellant pawned one of the missing tape recorders and when apprehended he had the pawn ticket in his

possession and admitted that he had pawned the recorder. An acquaintance of the appellant testified for the State that he had purchased the recorder from the appellant and later lent it back to him before it was pawned.

The appellant concedes that ordinarily recent possession of stolen goods raises a presumption that the possessor is the thief and casts on him the burden of giving a reasonable explanation of his possession. *Byrd v. State,* 229 Md. 148. But he contends he rebutted the presumption by denying in his testimony that he had sold the recorder to the acquaintance and claiming that he had borrowed it from him in the first instance. However, the credibility of witnesses was for the trier of facts to determine, and we cannot say the trial judge was clearly in error when he stated he did not believe the explanation of the appellant. The evidence produced by the State was sufficient, if believed (as the judge said it was), to support the conviction.

*Judgment affirmed.*