## HOPKINS AND TERRY *v.* STATE

(Two Appeals in One Record)

[No. 365, September Term, 1964.]

*Decided July 16, 1965.*

*Motion for rehearing as to Terry filed and denied July 28, 1965.*

The cause was argued before HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Morris L. Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for the appellants.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *John D. Hackett, Assistant State's Attorney,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

The appellants, Leon R. Hopkins and Ernest R. Terry, with a third person, Martin L. Spriggs, were charged under one indictment with the armed robbery of the manager of a real estate office in Baltimore. The three defendants were tried together by Judge Grady sitting without a jury in the Criminal Court of Baltimore and were all found guilty. After being sentenced to terms in the penitentiary, Hopkins and Terry appealed.

According to the State's evidence, on January 31, 1964, the complaining witness, Robert Katzoff, was working in his real estate office when at approximately 12:40 P.M. three men entered and pretended to be interested in an apartment. Then one of the men threatened Katzoff with a knife and another took his wallet which contained, among other things, $15.00 and his salary check. He was forced to open a safe from which were taken $190.00 in cash, a Masonic apron, a cloth bag with Hebrew lettering on it, a pistol, several checks, and other items. The intruders bound Katzoff's mouth and hands with adhesive tape and then left. After Katzoff was unbound by a tenant in the building he summoned the police and gave them partial de-

scriptions of two of the men, which were broadcast over the police radio. The broadcast said that the two robbers were colored men, and that one was wearing a fatigue jacket and the other a cream colored jacket and khaki pants.

A police sergeant cruising in a patrol car heard the broadcast and a few minutes later saw two colored men within eight blocks of the real estate office "walking fast, looking around in back of them." One was wearing a fatigue jacket and the other a cream colored jacket and khaki pants. Believing that they fitted the descriptions, he stopped his car and arrested them without a warrant. The two were Spriggs and the appellant Hopkins. Hopkins was searched when arrested and a small knife was seized from him, and later at the police station $51.00 was taken from him. Two police detectives arrived on the scene and searched Spriggs. A knife and a pistol were taken from him at that time and $50.00 was taken from him at the police station. Hopkins denied any knowledge of the holdup. However, Spriggs admitted that he had participated in it and told the police that he would show them where they could find the third man.

Spriggs then accompanied the police to an address where he told them they would find the third man. Spriggs went inside with the police, who arrested the appellant Terry without a warrant. He denied any knowledge of the holdup. The apartment belonged to a friend of Terry. Terry and Spriggs were taken to the police station where Spriggs gave a written statement naming the two appellants as participants in the holdup. The appellants were then confronted with the statement but both denied any knowledge of the facts contained therein. The police asked Terry whether they could search his apartment. According to them, Terry gave them oral permission to do so and also voluntarily signed a police form authorizing the police to search his residence. Terry then accompanied the police to his apartment where the officers seized a Masonic apron, a cloth bag with Hebrew lettering, a wallet and some checks. Later the police found $77.00 in the apartment.

On this appeal by Hopkins and Terry they contend (1) that their arrest was illegal; (2) that the trial court erred in admitting in evidence the objects seized from Terry's apartment;

and (3) that the verdict was against the weight of the evidence.

With respect to the legality of Hopkins' arrest we think that under the circumstances of this case the police had probable cause to believe that a felony had been committed and that Hopkins had committed it. *Mulcahy v. State,* 221 Md. 413, 421, 158 A. 2d 80 (1960). It is well settled that a report of a felony and a description of the perpetrators broadcast over a police radio may furnish probable cause for an arrest, *Farrow v. State,* 233 Md. 526, 197 A. 2d 434 (1964). Thus the arrest of Hopkins was valid, his search was incidental to the arrest, and the items seized were properly admitted in evidence.

In regard to appellant Terry, we believe that his arrest was lawful since it is well established that police may rely on reasonably trustworthy information received from a third person. *Taylor v. State,* 238 Md. 424, 209 A. 2d 595 (1965) ; *Shorey v. State,* 227 Md. 385, 388, 177 A. 2d 245 (1962). Here, one of the officers testified he knew the informant Spriggs, and Spriggs obviously knew the circumstances of the holdup. However, even if Terry's arrest was unlawful, if his consent to the search of his apartment was voluntary, then the evidence seized would still be admissible. *Anderson v. State,* 237 Md. 45, 49, 205 A. 2d 281 (1964) ; *Armwood v. State,* 229 Md. 565, 185 A. 2d 357 (1962).

As to the voluntariness of Terry's consent, it is undisputed that he signed a police form in which he authorized the police to search his apartment. On the form itself it was stated that Terry had been informed that he had a right to object to the search and a police officer testified that no threats or inducements were made to secure Terry's signature. The appellant did not take the stand to rebut any of this. A question of fact was presented to the trial judge and we cannot say he was clearly wrong in concluding that Terry freely and voluntarily consented to the search. *Carter v. State,* 236 Md. 450, 453, 204 A. 2d 322 (1964).

Finally, the appellants contend that the verdict was against the weight of the evidence. To support this contention it is asserted *inter alia* that the testimony of the complaining witness was weak. However, we think the State's evidence, if believed by the trial judge (as it obviously was), was sufficient to sus-

tain his finding that the appellants were guilty. *Calloway v. State,* 238 Md. 612, 208 A. 2d 373 (1965).

*Judgments affirmed.*