## WINSTON HENRY SCOTT *v.* STATE OF MARYLAND

[No. 77, September Term, 1967.]

*Decided January 9, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alexander R. Martick* (*Gerald A. Kroop* on brief) for appellant.

*S. Leonard Rottman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Winston Henry Scott, the appellant, was convicted of storehouse breaking in the Criminal Court of Baltimore, Judge J. Gilbert Prendergast presiding without a jury. He was sentenced to five (5) years consecutive to a three (3) year sentence imposed the same day for violation of probation. The errors alleged and such facts as are necessary for the opinion appear hereinafter.

I

Scott was arrested on July 9, 1966, for the offense which occurred that date. He was released on his own recognizance

pending trial. After several postponements, at least one of which was at Scott's request, the case was tried on January 6, 1967. On December 22, 1966, the appellant filed a motion for a speedy trial and a motion that the proceedings be dismissed because of the lack of a speedy trial. The motion for a speedy trial was granted but the motion to dismiss was denied. Scott alleges error in the failure to grant his motion to dismiss, relying on the case of *Jones v. State,* 241 Md. 599, 217 A. 2d 367. He overlooks the fact that in the *Jones* case there were several demands for a speedy trial in the months preceding the granting of the motion to dismiss the proceedings. In *State v. Murdock,* 235 Md. 116, 200 A. 2d 666 and in *State v. Long,* 1 Md. App. 326, 230 A. 2d 119, the Court of Appeals of Maryland and this court held that the right to a speedy trial can be waived if an accused fails to demand such trial. Since he was afforded a trial within fifteen days after his first demand for a speedy trial, it is apparent there is no substance to his motion to dismiss and no error in the trial court's refusal to grant it.

## II

Scott alleges error in that Officer Fred Kontner was permitted to testify that, on the basis of information given him by a third person, he pursued Scott immediately after the crime was committed. At the trial there was objection to the admission of this testimony and the trial court stated that if there was any question as to the legality of the arrest or seizure of any merchandise, the conversation would be admitted solely for the purpose of determining the legality of the arrest and seizure. In oral argument on appeal, appellant's counsel stated that there was no question in this case as to the legality of the arrest or the seizure; however, no such statement was made at the trial and the trial judge admitted the evidence solely for the purpose of determining the legality of the arrest and the seizure of the stolen merchandise which followed. The trial judge's action was obviously correct. *Hopkins v. State,* 239 Md. 517, 211 A. 2d 831, *Graham v. State,* 239 Md. 521, 212 A. 2d 287. Such hearsay evidence is always admissible where there is a question concerning the legality of the arrest and seizure of articles from the accused.

## III

Scott also objected to the introduction of the stolen articles into evidence and a photograph of the broken window to the store on the basis that they were admitted into evidence after the State's Attorney had given some indication of having concluded his case and also on the ground that the state asked to withdraw the photographs prior to the time the court stated that they would be accepted into evidence. The general conduct of a trial is within the sound discretion of the trial judge and we cannot say that he abused his discretion in admitting the additional evidence. See *Holtz v. State,* 1 Md. App. 358, 230 A. 2d 117.

Scott also objected to the admission of the stolen merchandise on the basis that it had not been connected with him. After immediate chase, Scott and another were found late at night, and for no apparent reason, lying under an automobile. One bag of stolen clothing was found within two feet of Scott and the other bag of clothing was found near the other person. We think that this was sufficient to connect Scott with the stolen merchandise. When an accused is found to have been in possession of recently stolen goods, he is presumed to have been the thief, in the absence of a believable explanation, *Anglin v. State,* 1 Md. App. 85, 227 A. 2d 364.

*Judgment affirmed.*