ROBERT EARL PAESCH *v.* STATE OF
MARYLAND

[No. 153, September Term, 1967.]

*Decided January 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Michael E. Loney* for appellant.

*Frank A. DeCosta, Jr., Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Julian B.
Stevens, State's Attorney for Anne Arundel County,* and *Ray-
mond G. Thieme, Assistant State's Attorney for Anne Arundel
County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The only question raised on this appeal from the conviction of the appellant at a court trial in the Circuit Court for Anne Arundel County of grand larceny and a sentence of 5 years is whether the evidence showed the owner of the goods stolen was a body corporate as alleged in the indictment. The question was properly raised as the basis for a motion for judgment of acquittal timely made. The motion was denied by the trial court apparently for the reason that *nul tiel* corporation is a plea which must be specially entered.[1] The appellant, however, was not arguing that the alleged corporation did not exist but that the burden was on the State to show that "Hochschild Kohn & Co." was a body corporate as set forth in the indictment and that this burden had not been met. We agree.

"It is fundamental * * * that in a prosecution for larceny one of the essential elements to be proved is the ownership of the stolen property; and, when ownership is claimed to be in a corporation, the claim must be supported by evidence." *Richardson v. State,* 221 Md. 85, 88. The rationale of the rule is that an "* * * accused is entitled to be informed of the exact accusation against him and to have the proof substantiate that accusation beyond reasonable doubt." *Sippio v. State,* 227 Md. 449, 551, citing *State v. King,* 95 Md. 125. The Court of Appeals said in *Richardson,* at page 89:

> "Of course, the most satisfactory proof of corporate entity is the production of the articles of incorporation of a company, duly and properly authenticated, coupled with additional proof that the company is engaged in conducting business under its corporate name. But in a criminal prosecution, it is generally held that such formal proof is not required. * * * It has frequently been held that in certain types of cases, corporate existence may be proved orally and by general reputation."

---

1. Md. Rule, 311 provides, "Whenever * * * the incorporation of any alleged corporation * * * is alleged in the pleadings in any action, such fact shall be deemed to be admitted in so far as such action is concerned, unless it shall be denied by the next succeeding pleading of the opposite party to the merits." But by definition in Md. Rule, 5 a, "action" does not include a criminal proceeding.

So in *Richardson* testimony of a witness that he was the terminal manager for "Horn's Motor Express, Inc." coupled with testimony referring to the organization as "Horn's Motor Express Company" and the absence of the slightest intimation during the entire trial that the company was not a corporation permitted and justified the inference that it was incorporated. In *Byrd v. State,* 229 Md. 148, a witness was asked by the State if he was employed by "City Chevrolet Corporation" and replied that he was. Although no other testimony identified the Chevrolet agency as a corporation, the proof was deemed sufficient. This Court applied the rule in *Stackhouse v. State,* 1 Md. App. 399, holding that testimony of a witness that he was employed by "Bethlehem Steel Corporation" and that checks in evidence showed the maker to be "Bethlehem Steel Corporation" were sufficient proof of the corporate existence. In *Sippio v. State,* supra, there was a complete absence of any proof of corporate existence and also a failure on the part of the State to prove ownership of the stolen money, and the Court reversed.

In the instant case, the indictment alleged that the goods were stolen from "Hochschild Kohn & Co., a body corporate." There was no testimony that the firm was a corporation, no reference to its organization or activities and no detail of the relationship between the witnesses produced by the State and the alleged corporation except that one was employed by "Hochschild Kohn" in the infant's department at Harundale Mall and another by "Hochschild Kohn & Company," as "Assistant Store Manager of the Harundale Store." The reference to the company as "Hochschild Kohn & Company" would seem to negate that it was a corporation. Md. Code, (1966 Repl. Vol.) Art. 23, § 5 a (1) provides that the name of a corporation shall be such as to indicate that it is a corporation. "This provision shall be deemed to be complied with if the name contains the word 'corporation,' 'incorporated' or 'limited'; or ends with an abbreviation of one of such words; or ends with the word 'company', if such word is not immediately preceded by the word 'and' or any symbol therefor." [2] When the assistant store manager of the

---

2. Paragraph (1) of subsection a was amended by Acts of 1967, ch. 649, § 2. The amendment did not become effective until June 1,

Harundale Store was asked, "Now these suits were the property of whom?" he replied, "Hochschild Kohn." While this may be sufficient evidence that the stolen property belonged to Hochschild Kohn & Co., we find that there was no evidence or rational inferences therefrom sufficient to prove that Hochschild Kohn & Co. was a body corporate as alleged in the indictment. Therefore the trial court was clearly erroneous in denying the motion for judgment of acquittal. Md. Rule, 1086.

*Judgment reversed and case remanded for a new trial.*

---

1967, after the appellant's trial, and in any event was not material to the discussion here. We note also that in *Sippio v. State,* supra, reference to the "Panzer Pickle Company" was not held sufficient to show the company was a corporation when the name alleged in the indictment was "Panzer Pickle Co., Inc."