ROBERT EDWARD ANDERSON *v.* STATE OF MARYLAND

[No. 159, September Term, 1967.]

86

*Decided February 7, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Carl A. Durkee* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Gary Huddles, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was found guilty of two offenses of grand larceny of an automobile in the Circuit Court for Baltimore County, by the court sitting without a jury. He was sentenced to imprisonment for a term not to exceed 5 years on each conviction, the sentences to run concurrently. The sole contention on this appeal is that the evidence was not sufficient to sustain the convictions.

The first count of indictment No. 31951 charged the appellant with the larceny, on February 9, 1967, of a 1964 Chevrolet Impala of the value of $100 or more belonging to William Hobson Spencer IV. The evidence before the court showed that about 7:45 P.M. on the date charged Mr. Spencer discovered his automobile, valued at about $1,800, to be missing from the parking lot in the vicinity of the Towson Armory. He had not given anyone permission to remove it. He went to the Baltimore County Police Department and reported the car as stolen. On February 10, 1967 (the time of day is not shown by the evidence), a patrolman of the Baltimore City Police Department, proceeding south on Greenmount Avenue in Baltimore City, saw the car going north on Greenmount Avenue at 25th Street. Noting that it turned east on 25th Street, the patrolman drove around the triangular shaped block at 25th Street and The Alameda and saw the car stopped for a red light. When the light turned green the car turned north on The Alameda. The patrolman pulled behind it and indicated by his red flashing light that he wanted it to stop. The car sped away. He radioed in the license tag and received information that the car was reported stolen. He pursued the car several blocks to Loch Raven Drive and The Alameda where it stopped long enough to allow two occupants to jump out and then again sped away. The chase continued until "it stopped on a lawn" (the evidence does not show how far from the intersection of Loch Raven Drive and The Alameda) and the appellant, who was driving the car, was apprehended.

The appellant concedes that the evidence was sufficient to sustain a conviction of larceny of use (Md. Code [1967 Repl. Vol.], Art. 27, § 349) but urges that it was not sufficient to prove larceny (Code, Art. 27, § 340). We said in *Gopshes v. State*, 1 Md. App. 396, 398:

"There is no question that one of the factors that distinguishes the two crimes is that in the crime of larceny there must be an intent to deprive the owner of his property permanently, while in the crime of unauthorized use there need only be an intent to deprive the owner of his property temporarily. *Fletcher v. State,* 231 Md. 190."

The appellant argues that the State failed to prove criminal intent, claiming that the evidence did not show that he intended to deprive the owner of his ownership in the automobile but only intended to take it "for a ride," concluding from the direction in which the car was proceeding that it was "heading back toward Towson," presumably to return it to the owner. He supports his contention by evidence produced by the State with regard to some six other like charges, on which stets were entered at the trial, showing that other automobiles which it was alleged he had stolen, had been abandoned in the general area from which they had been taken, five within a short time of the taking and the sixth eleven days thereafter. Even assuming such evidence of other larcenies to be relevant to the consideration of intent in the instant offense, which we do not decide (see *Gorski v. State,* 1 Md. App. 200; 1 *Wharton's Criminal Evidence* [12th Ed.], § 237), we think there was sufficient evidence before the trial court to support a rational inference that the appellant intended to deprive the owner of his ownership in the automobile. We note that there was no direct evidence to the contrary. See *Weaver v. State,* 226 Md. 431; compare *Pachmayr v. State,* 1 Md. App. 270. We cannot say that evidence that the appellant may not have had an intent to deprive the owners of other motor vehicles he may have stolen of their ownership by abandoning them compels the trial court to find such lack of intent here. His flight when accosted by the police and subsequently after he stopped to permit his companions to flee certainly has probative value in a determination that he did not intend to return the car to the owner. That the vehicle was recovered within a day of its theft is not conclusive of the intent of the appellant not to deprive the owner of his owner-

ship since the recovery was due to the alertness and efficiency of the police and despite the actions of the appellant. As the Court of Appeals said in *Weaver v. State, supra,* at page 434:

> "The state of one's mind or *scienter* is a question of fact. * * * And being subjective in nature, proof of wrongful intent is seldom direct, but is usually inferred from proven circumstances * * *." (citations omitted).

As we feel that there was evidence or rational inferences therefrom from which the trial court could find the appellant guilty of larceny of Spencer's automobile beyond a reasonable doubt, its judgment on the evidence was not clearly erroneous and we may not set it aside. *McFadden v. State,* 1 Md. App. 511; Maryland Rules, 1086. It is for the trial court, not the appellate court, to be convinced beyond a reasonable doubt of guilt. *Putinski v. State,* 223 Md. 1.

The first count of indictment No. 31952 charged the appellant with the larceny on February 25, 1967 of a 1961 Chevrolet two door hardtop of the value of $100 or more belonging to George Orville Bull Agency, Incorporated. In his testimony, G. Orville Bull said at one point that he noticed that "my car * * * was missing." When asked specifically who owned the car, he replied, "My corporation—not my corporation but G. R. Agency, soil agency, the corporation of which I am the president." There is no explanation of this statement and no further proof of the ownership of the automobile. An allegation of the ownership of the property alleged to have been stolen is a necessary requisite in a larceny indictment and proof of ownership as laid in the indictment is an essential factor to justify a conviction, *Petrey v. State,* 239 Md. 601; *Wersten v. State,* 228 Md. 226, although it is recognized that an allegation of ownership of stolen goods is supported by proof of any legal interest or special property in the goods. *Richardson v. State,* 221 Md. 85. We do not find, in the record before us, proof of the ownership of the automobile as alleged in the indictment sufficient to sustain the conviction. Whether a defendant be

guilty or not guilty, he must not be convicted unless all the prerequisites of a valid conviction be established.[1]

> *Judgment as to indictment No. 31951 affirmed.*
>
> *Judgment as to indictment No. 31952 reversed and case remanded for a new trial.*

---

1. G. Orville Bull testified that he discovered the automobile to be missing about 11:00 P.M. on February 25, 1967 and that he "received it back" about one hour later. However, a police officer testified that he arrested the appellant, who was driving the automobile, about 11:30 P.M. on February 25, 1967.