THOMAS FREDERICK VEIHMEYER *v.* STATE OF MARYLAND

[No. 169, September Term, 1967.]

*Decided April 18, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Joseph A. Kenary* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Barry Helfand, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Thomas Frederick Veihmeyer, the appellant, complains of a conviction of robbery with a deadly weapon and assault and battery in a jury trial in the Circuit Court for Montgomery County. He alleges that there was a failure to suppress evidence obtained as a result of an illegal arrest; that the trial judge made a prejudicial remark in the presence of the jury; that the gun and bullets, offered into evidence, were admitted without a sufficient showing of their connection with the appellant; that a police officer was allowed to testify as to an unauthenticated telephone conversation between the officer and the victim of the robbery who in the conversation reported the robbery.

In the early morning of July 26, 1966 Mr. Stephen Lansing, an attendant at the Lansing Service Station in Montgomery County, Maryland, was cleaning up the station when a 1963 white Chevrolet convertible with a black top, occupied by two men, drove into the station. The driver got out, asked him for the key to the rest room and one dollar's worth of gasoline.

After returning from the rest room, the driver came into the station office and gave the attendant a $10 bill in payment for the gas. When the attendant opened the cash register, the driver attempted to take money out of the register. The attendant resisted until the passenger appeared and pointed a pistol at him. The attendant was forced into a back room, tied up, and some of the stock and inventory piled on top of him. After taking the money ($86.00) out of the cash register, the two men left. The attendant managed to get to a telephone, call the county police, and report the robbery. He gave a description of the men and the car to the police, and while he was still talking on the phone, a police cruiser arrived on the scene. The next time he saw the two men was at 8:00 A.M. the same morning when he was brought to a police substation, where he identified the two men in a line-up, Veihmeyer being one of them. He also identified Veihmeyer at the preliminary hearing, and at the trial, as the driver.

Officers Tihila and Kiliany, of the Montgomery County Police, were cruising when they observed a 1963 white Chevrolet convertible with a black top. It fitted the description of a "look-out" which they had received from their dispatcher in reference to an armed robbery that had recently occurred. They gave chase, but they were unable to approach the vehicle until it came to rest behind the Governor's House Motel. In the darkness they heard two people running from the auto, each in a different direction. Officer Tihila caught one, a Norman Bork; the other escaped. The officers transported their prisoner to a substation, and were ordered to return to the scene to search for a weapon. On the return trip, while stopped for a traffic signal, they observed a passenger in a taxicab, which had driven up alongside their vehicle, attempting to hide his face. The passenger was wearing clothing similar to the description given to them over the "look-out." They stopped the cab and interrogated the passenger. Because of the similarity to the broadcast description and a scratched arm (similar to Bork's), and his wet boots (the ground around the area where the 1963 Chevrolet came to a stop was wet) they arrested the suspect, who was later identified in a line-up by Lansing. The suspect was the appellant, Veihmeyer.

In the meantime, the police had searched the grounds behind the Governor's House Motel, where the 1963 Chevrolet had been found, and discovered a pack of cigarettes within a cellophane wrapper in the glove compartment of the auto. The wrapper was dusted for fingerprints and the fingerprints of the appellant were found thereon. The auto had been "hot-wired," and did not belong to either suspect. A pistol and shells were discovered near the automobile approximately 36 hours later.

Veihmeyer testified and denied any participation in the crime.

Veihmeyer's first contention is that his arrest was illegal and therefore the admission into evidence of a photograph of the line-up was a result of the illegal arrest and therefore not admissible under the "fruit of the poison tree" doctrine cited by the Supreme Court in the case of *Wong Sun v. United States,* 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441. At the time the photograph was offered into evidence, the only objection was based upon the authenticity of the photograph. Therefore this issue is not properly before this court. Maryland Rules 522 d 1 and 725 f (which applies the civil rule to criminal trials.) *Wilt v. Wilt,* 242 Md. 129, 218 A. 2d 180. There was a subsequent motion to suppress the evidence. This, however, came too late. See Maryland Rule 729.

In *Tender v. State,* 2 Md. App. 692, 237 A. 2d 65 we decided that the doctrine of *Wong Sun* did not apply to prosecutions in the state courts and we adopt completely the statement made then which is equally applicable to the facts of this case. See 2 Md. App. 692 at 696 :

> "B. The basis of the contention of the appellants that the in-court identifications of them and testimony relating to the identifications of them at lineups were inadmissible as resulting from an illegal arrest is under the doctrine of *Wong Sun v. United States, supra,* and the cases following its principles. It has been held that the doctrine of *Wong Sun* was not intended to, and' does not, control prosecutions in state courts, *Crowe and Williston v. State,* 240 Md. 144, 150, and this Court has held that *Mapp v. Ohio,* 367 U. S. 643 did not compel the exclusion of testimony as to the

identification of an accused in a lineup, as such testimony was not 'tangible' evidence which was the fruit of an unlawful search. *Nadolski v. State,* 1 Md. App. 304, 308. There is nothing per se unconstitutional about a lineup and it is not here alleged that the lineups were unfair or unreliable. See *Powell v. State,* 1 Md. App. 495. We find that the in-court identifications and the testimony as to the identifications of the appellants at the lineups were properly admissible under the rules of law then applicable, even assuming that the arrests were illegal."

There is no contention here that the line-up was in any way illegal. Assuming, without deciding, that the arrest was illegal, there was no error.

During the trial of the case when the police officers were describing the fleeing occupants the trial judge remarked to the police officer on the witness stand "the one that got away was the defendant in this case" to which the witness replied "yes, sir." On defense counsel's motion, the remark and the reply were both stricken from the record and the jury was instructed to disregard it. Since the trial judge granted all the relief that was requested there is nothing before this court to review. Maryland Rule 1085. A reading of the record, however, indicates that the judge was simply trying to clarify the situation. We think his prompt action in striking the remark and the testimony from the record was all that was required. *Dresbach v. State,* 228 Md. 451, 180 A. 2d 299, *Daniels v. State,* 213 Md. 90, 131 A. 2d 267.

Veihmeyer next objects to the admission into evidence of the pistol and bullets on the basis that they were not sufficiently connected with the appellant. We think the fact that the victim testified that the pistol "looked like the same type of gun that was used" by Bork; that Veihmeyer was with Bork when the gun was used during the robbery; that they, Bork and the appellant, were in a 1963 white Chevrolet convertible with a black top similar to the one chased by the police and found at the rear of the motel; and that the exhibits were found near where the automobile had been abandoned is sufficient to meet this

objection. In addition the evidence showed that Veihmeyer's fingerprint was found on a package of cigarettes in the glove compartment of the automobile. Exhibits need not be connected with a defendant with certainty; reasonable probability is all that is required, *Stewart v. State,* 1 Md. App. 309, 229 A. 2d 727.

Finally Veihmeyer objects to the admission of the police officer's testimony concerning the telephonic report he received from the victim reporting the robbery. The basis for the objection is that the phone call was not authenticated and that it was inadmissible as hearsay. We see no error for a number of reasons. Hearsay testimony is admissable for the purpose of proving probable cause for an arrest. *Scott v. State,* 2 Md. App. 705, 237 A. 2d 79.[1] The telephone call was authenticated in the best possible manner when the police officer arrived at the scene of the crime while the victim was still reporting the robbery on the telephone. Also the victim was allowed to testify, without objection, as to the description he reported to the police. We are unable to see any prejudice to the appellant's case by the police officer repeating the description that he had received from the victim. The testimony was merely cumulative and the admission of hearsay under these conditions is not error. *Lewis v. State,* 2 Md. App. 318, 234 A. 2d 487.

*Judgments affirmed.*

---

1. Although the appellant did not raise the issue of probable cause as to the admission of the photograph at the trial below, he did raise the question of probable cause on the issue of the admissibility of the fingerprint. Although this issue was not raised on appeal it is governed by the same rule discussed above on the admission of photograph of the line-up.