ROBERT LINDSAY FISHER *v.* STATE
OF MARYLAND

[No. 377, September Term, 1967.]

*Decided September 19, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Louis Peregoff,* with whom were *William S. Cooper* and *A. Samuel Peregoff* on the brief, for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Steven Harris, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Robert Lindsay Fisher, the appellant, was convicted in the Criminal Court of Baltimore of storehouse breaking, malicious destruction of property and petty larceny of a set of Maryland license plates. Fisher was sentenced to ten years under the storehouse breaking charge, one year, concurrent, under the malicious destruction of property charge, and two years, also concurrent, under the petty larceny charge. Fisher's sole contention on appeal is that the evidence was insufficient to support the convictions.

On December 21, 1966 at approximately 10:00 P.M. Joseph Penn, the Vice-President and General Manager of Penn Brothers, Inc., an automobile agency, locked and secured the auto agency. He gave no one permission to enter the premises later that night. When the agency was opened the next morning by employees of Penn Brothers, they discovered that the premises had been broken into and vandalized. Physical damage exceeded $3,000. Merchandise exceeding $6,000, including a 1967 Plymouth Belvedere automobile, was missing.

In the early evening of December 22, 1966, Officer Mills of the Baltimore Police Department stopped a 1967 Plymouth Belvedere automobile for a traffic infraction. Fisher was the operator of the car. The officer noticed that the license plates were wired, not bolted, on. Upon discovering that Fisher did not have a driver's license or the proper registration card, the officer made a radio check on the license tags and found that they had been issued to one Margie Hilton for a 1966 Plymouth. Fisher and Cruddup, a passenger in the 1967 Plymouth, were then placed under arrest. At the time of the arrest, Fisher and

his companion gave conflicting stories as to the ownership of the car.

### Petty Larceny

Margie Hilton did not testify at the trial. No evidence was produced by the state to show that the automobile tags had been stolen. We have no difficulty in finding that the trial judge was clearly erroneous under Maryland Rule 1086 when he found Fisher guilty of this charge. There was no evidence or any rational inference to support the allegation that Fisher stole the license tags, see *Paesch v. State,* 2 Md. App. 746, 237 A. 2d 83.

### Storehouse Breaking and Malicious Destruction of Property

In order for the state to prove the charges of storehouse breaking and malicious destruction of property, it had to link Fisher to these acts by showing that the vehicle he was driving was the one stolen on the night of the crime. The sole evidence to connect Fisher with these crimes was the fact that he was operating a 1967 Plymouth with license plates issued to Margie Hilton for a 1966 Plymouth. Proof that this 1967 automobile was the one stolen was only inferentially shown by the prosecution.

When Penn testified, he failed to identify the car Fisher had been driving as the vehicle that had been stolen. He simply stated that "This is a car that was on our parking lot at the time." This leaves to speculation how the car and the license plates came into the hands of Fisher. Penn later testified when an issue arose as to whether or not Fisher could have changed seats with his companion after the car had been stopped by the police. The following colloquy occurred:

> "THE COURT: Just one question. You have heard the testimony of the officer and the defendant in this case and the question is did this automobile have bucket seats or didn't it?
>
> "MR. HARRIS: This is State's Exhibit #2 depicting the automobile that was stolen.
>
> "A. This is a Belvedere Sports Coup, two door

158

hardtop. Those are the models that come with bucket seats and this is a bucket seat car."

This Court has repeatedly held that one in possession of recently stolen merchandise can be convicted of larceny or storehouse breaking, *e.g.* see *Bury v. State,* 2 Md. App. 674, 236 A. 2d 751, *Scott v. State,* 2 Md. App. 705, 237 A. 2d 79. Perhaps this rule could be extended in a case such as the one at bar, to include malicious destruction of property. Nonetheless, before this rule can be applied it must be established that the accused was in possession of the identical goods which were stolen. If this is not shown the inference that one is the thief arising from the possession of recently stolen goods is not available to the prosecutor. Moreover, it is essential in the proof of larceny that the ownership of the merchandise be established. *Paesch v. State, supra, Anderson v. State,* 3 Md. App. 85, 237 A. 2d 813. This was not established. It is true that the conflicting statements of the accused and his companion at the time of their arrest could well indicate *scienter* of a crime, *Hayette v. State,* 199 Md. 140, 85 A. 2d 790, 792, *Moore v. State,* 199 Md. 676, 87 A. 2d 577, but the trier of the facts is left to speculate as to whehter it was a crime against Penn Brothers, Inc., or against someone else. This, our system of jurisprudence does not permit.

*Judgments Reversed and Case Remanded for a New Trial.*