# WALTER WILLIAM SMITH, JR. AND JOHNNIE NELSON *v.* STATE OF MARYLAND

[No. 466, September Term, 1970.]

*Decided June 1, 1971.*

The cause was argued before ANDERSON, ORTH and THOMPSON, JJ.

*Alexander R. Martick* for appellant Johnnie Nelson. Submitted on brief by *Bernard Reamer* for other appellant Walter William Smith, Jr.

*Robert A. DiCicco, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Howard L. Cardin, State's Attorney for Baltimore City,* and *Phillip Epstein, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Walter William Smith, Jr. and Johnnie Nelson, the appellants, were convicted of armed robbery in a jury trial presided over by Judge Meyer M. Cardin. For reasons given below, the judgments are reversed and the case is remanded for a new trial. Such facts as are necessary will be presented with the contentions.

Nelson first contends the trial judge erred by failing to ask the jurors on *voir dire,* "Would the fact that the accused is a Negro or black, affect the ability to pass fairly on the innocence of the accused?" as requested by the appellant Nelson.

Although a trial judge must exercise his sound discretion in determining what questions will be allowed on *voir dire* examination, if a question on racial prejudice is properly presented, the judge must cover the subject. *Brown v. State,* 220 Md. 29, 150 A. 2d 895. In *Contee v. State,* 223 Md. 575, 165 A. 2d 889, the Court went even

further and held that where such an issue was presented, the trial judge had the responsibility of framing a proper question, if the ones proposed by counsel were not in proper form. Compare *Phenious v. State*, 11 Md. App. 385, 274 A. 2d 658. The State's argument that the propriety of the question depends upon the geographical area of the State is specious. Racial prejudice is not a matter of geography. The State's argument that racial prejudice was covered by the questions asked by the court as to the acquaintance of the jurors with the accused, their witnesses, or their attorneys is also without merit. These questions do not appear to us to be in any way directed to possible racial prejudice, even though the accused and their witnesses were obviously black.

In the instant case, the proposed question specifically directed itself to racial bias. The failure to ask the question is reversible error.

Both appellants contend there was reversible error committed when the court violated Articles 5 and 21 of the Declaration of Rights and Md. Rule 775, requiring an accused to be present "at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as provided in this Rule. . . ." [1]

All witnesses in the case were removed from the courtroom at the request of defense counsel prior to the time the appellants were brought into the courtroom. Thereafter, both appellants were seated in the courtroom and

---

1. The full text of Md. Rule 775 is as follows:

"The accused shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as provided in this Rule. The accused shall have the right to be present at the taking of a deposition taken at the instance of the prosecution. In a prosecution for an offense not punishable by death the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. The defendant's presence is not required at a reduction of sentence, under Rule 764 (Revisory Power of Court), fixing of the date of execution in a capital case, or at a proceeding in an appellate court."

not at the trial table in order to prevent any possibility of tainting in-court identifications by the witnesses. Prior to the first removal of the appellants from the courtroom during *voir dire,* a bench conference took place off the record. Thereafter, without objection, both appellants were removed from the courtroom while all the witnesses for the State and for the defense were returned and presented to the jury panel. The jury panel was then asked whether they knew any of the witnesses and whether that knowledge would affect their decision. Immediately thereafter the defendants were returned. Second removal was during the testimony of Sybil Jackson. It was occasioned because the prosecution wanted to return the victim, John Shell (who had been sequestered) to the courtroom, for the purpose of having Miss Jackson identify him as the man she saw being beaten by the appellant Smith and the rest of the gang. Counsel for both appellants objected to Mr. Shell being returned to the courtroom, but the court overruled the objection and directed that the appellants be removed from the courtroom and Mr. Shell be brought in. During the absence of the appellants, the witness identified Mr. Shell as the person she saw being attacked.

The State argues that under *State v. Saul,* 258 Md. 100, 105, 265 A. 2d 178, the right to be present during a trial did not include the time prior to the impaneling of the jury. In *Saul* and in the prior cases cited therein the court had no occasion to consider the impact of Md. Rule 775 which specifically includes the impaneling of the jury. We will not consider that issue either because reversible error did occur when the appellants were involuntarily removed from the courtroom while testimony was being taken. As to this the State argues that the appellants voluntarily absented themselves from the courtroom. We do not agree. In *Young v. State,* 5 Md. App. 383, 247 A. 2d 751 and *Saul v. State,* 6 Md. App. 540, 252 A. 2d 282 (affirmed in *State v. Saul, supra*) we stated that the right to be present during trial is personal to the accused and cannot be waived by counsel. We cannot

read voluntary absence in a record when an accused leaves the courtroom at the direction of the trial judge and after counsel have affirmatively objected to the procedures, albeit on other grounds. Although some recent cases have indicated an accused can by his obstreperous conduct forfeit the right to be present during a trial, *Illinois v. Allen,* 397 U. S. 337, 90 S. Ct. 1057, 25 L.Ed.2d 353, his voluntary compliance with a judge's direct order is not conduct amounting to a waiver. *Jones v. State,* 11 Md. App. 686. The lack of prejudice to the accused is of no importance when the accused is involuntarily absent during a part of the actual trial as opposed to absence during housekeeping communications with a jury. See *State v. Saul, supra.*

Since there must be a new trial, the remaining contentions may be dealt with succinctly:

(1) Nelson contends the trial court erred in not excluding the testimony of a crime laboratory expert since the State had not sufficiently proven the chain of custody of the gun examined by the expert. Where the inquiry is into the chain of custody the question is whether there is reasonable probability that no tampering occurred to the evidence. *Plumley v. State,* 4 Md. App. 671, 245 A. 2d 111. The record indicates the State may be able to establish a better chain of custody on retrial.

(2) There was no real question as to the connection of the gun with Nelson, and it seems reasonably probable it was connected with the crime. *Veihmeyer v. State,* 3 Md. App. 702, 240 A. 2d 649.

(3) Since the evidence may differ on retrial we do not consider the denial of appellants' motions for a mistrial and for judgments of acquittal.

(4) There is no need for a trial judge to rule on exceptions to instructions. His failure to make any corrections or additions thereto is itself a ruling.

*Judgments reversed and case remanded for new trial.*
*Costs to be paid by the City of Baltimore.*