GEORGE MASON TUNSTALL, JR. AND ROBERT
MORRIS ALTON, A/K/A ROBERT NORRIS
ALTON *v.* STATE OF MARYLAND

[No. 705, September Term, 1970.]

*Decided August 12, 1971.*

The cause was submitted on briefs to THOMPSON, CAR-
TER and GILBERT, JJ.

Submitted by *Arthur G. Murphy, Sr.*, for appellant.

Submitted by *Francis B. Burch, Attorney General, Clarence W. Sharp, Assistant Attorney General, Milton B. Allen, State's Attorney for Baltimore City*, and *Barbara G. Daly, Assistant State's Attorney for Baltimore City*, for appellee.

GILBERT, J., delivered the opinion of the Court.

The Appellants were jointly tried and convicted in the Criminal Court of Baltimore of the offense of armed robbery. For the reasons set forth herein, we shall reverse and remand the case for a new trial.

The Appellants assign, *inter alia,* as reasons for their appeal:

1. That they were denied the right to a speedy trial.

2. That they were placed in double jeopardy in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

3. That the trial judge erred in refusing the *voir dire* request of the Appellants.

## I

The Appellants argue that although they were arrested on the 18th day of October, 1969, they were not tried until October 21, 1970. We have carefully examined the docket entries and find the following: Presentment on November 5, 1969; indictment filed November 26, 1969; arraignment and pleas, December 16, 1969; appearance of counsel, January 2, 1970; motions for discovery and inspection, January 23, 1970; motion to employ expert witness on January 29, 1970; a hearing on the motion to employ expert witness on February 20, 1970; motion for a speedy trial, in proper person, May 8, 1970; motion to dismiss indictment, July 17, 1970; rearraignment and pleas, jury trial prayed July 20, 1970; *voir dire,* July 20, 1970; trial, July 21, 1970; mistrial, July 21, 1970; motion for a speedy trial, in proper person, July 29, 1970; motion to dismiss indictment and/or

speedy trial, August 14, 1970; request for hearing on motion to dismiss and/or a speedy trial, September 3, 1970; medical report on State's witness filed September 16, 1970; trial October 21, 1970.

No record has been presented to us of the proceedings before Judge Harris on the dates, July 20 and 21, 1970, albeit we are informed in the briefs that the State's witness, Mr. Abramowitz, could not recall the details and that a mistrial was declared.

The first motion for a speedy trial was filed on May 8, 1970, and the Appellants were brought to trial on July 21, 1970, which was 73 days later. We cannot find that the delay was of such an unreasonable nature as to bring it within the prohibition stated in *Bryant v. State*, 4 Md. App. 572 (1968). The second and third requests for a speedy trial were made July 29, 1970 (in proper person) and August 14, 1970, respectively. The case proceeded to trial on October 21, 1970, which was 92 days after the mistrial. We held in *Barnett v. State*, 8 Md. App. 35, 39 (1969):

> "* * *. The right to a speedy trial is a relative one and the time within which trial must be had to satisfy the guaranty depends on the facts and circumstances of the particular case. *Kelly v. State*, 2 Md. App. 730. Four factors are relevant to a consideration of these facts and circumstances in determining whether a delay in trial assumes constitutional proportions: (1) the length of the delay; (2) the reason for the delay; (3) prejudice to the accused; and (4) waiver of the right by the accused."

In *Westmoreland v. State*, 8 Md. App. 482 (1970), this court, in commenting upon a denial of a motion for speedy trial where more than three months time elapsed between the time of the filing of the motion and the actual trial, found the same to be "patently frivolous and utterly lacking in merit." Some of the delay in this case was the result of motions filed by the Appellants. The

State's witness was ordered examined as a direct result of the proceedings on July 21, 1970. The medical report on the witness was not filed until September 16, 1970. In *Ruffin v. State,* 10 Md. App. 102 (1970), we held that a period of approximately 5½ months between the date of indictment and the date of trial was not unreasonable in view of the fact that the prosecuting witness was hospitalized and the Appellant had shown no prejudice by the delay.

We cannot find under the circumstances of this case any denial of the constitutional right to a speedy trial, nor do we find that the Appellants have been prejudiced by the delay.

## II

The Appellants next argue that they have been placed in double jeopardy in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. They inform us that the mistrial was declared on July 21, 1970, after Mr. Abramowitz had begun testifying. There is nothing in the record to indicate why or how the mistrial came about, nor was the point preserved and argued to the trial judge on October 21, 1970. In the Appellants' "Motion to Dismiss Indictment and/or for Speedy Trial" they allude to the mistrial, but confine their motion and argument to the question of the alleged denial of a speedy trial.

Since the issue has not been properly preserved, it is not before us. Rule 1085.

## III

Appellants' counsel sought to have the following question asked of the jury on *voir dire*:

> "Would you be more likely to believe a white witness rather than a Negro witness?"

The trial judge declined to allow the question. This court said in *Smith v. State,* 12 Md. App. 130, 277 A. 2d 622 (1971):

> "Although a trial judge must exercise his

sound discretion in determining what questions will be allowed on *voir dire* examination, if a question on racial prejudice is properly presented, the judge must cover the subject."

We have carefully reviewed the *voir dire* examination conducted by the trial judge, and fail to find that he in any manner covered the subject of racial prejudice. The State argues that, "While admittedly the proposed questions had racial overtones, it is not that clear that the question was directed at learning whether or not prospective jurors would be prevented from rendering a fair and impartial verdict because of racial bias or prejudice against the defendants." We disagree. We think that the question strikes at the very heart of racial prejudice. The Appellants were entitled to have excluded from the jury those persons who would believe the testimony of one witness as true, in preference to another because of the pigmentation of the skin of the witness. *Smith v. State, supra.*

The proposed question was directed specifically to a harboring of racial prejudice. Failure to ask it on *voir dire* is reversible error.

In view of the fact that the case has to be retried, we need not discuss Appellants' other *voir dire* questions, nor other arguments.

*Judgments reversed and case remanded for a new trial.*