ROBERT HORN a/k/a Maurice Johnson
a/k/a Zachary Gladden r. STATE
OF MARYLAND

[No. 312, September Term, 1975.]

*Decided November 26, 1975.*

The cause was argued before Orth, C. J., and Davidson and Lowe, JJ.

*Victoria A. Salner. Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *George E. Burns, Jr., Assistant Public Defender,* on the brief, for appellant.

*Albert Gallatin Warfield, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,*

and *Alexander J. Palenscar, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

This is one of what will be, in all likelihood, a number of endeavors by those accused of criminal offenses to apply what they construe to be the teachings of *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975), to a broad range of the substantive and procedural rules of the criminal law.

Robert Horn, also known as Zachary Gladden and Maurice Johnson, asks on direct appeal that we reverse the judgment entered against him at a bench trial in the Criminal Court of Baltimore, wherein he was convicted of storehouse breaking with intent to commit grand larceny and sentenced to 4 years.[1] Evidence to prove the State's case was by way of a statement of facts recited by the Assistant State's Attorney and expressly agreed by Horn to be "substantially correct." The statement clearly established the *corpus delicti* of the offense of which Horn was convicted. A trailer of the Upland Corporation was broken during the early morning hours of 16 January 1974. Among the goods stolen were a saber saw valued at $109 and an electric drill valued at $100. Evidence as to criminal agency was as follows. About 2:15 p.m. on the same day of the breaking, a police officer saw Horn on the street carrying a saw and drill answering the description of the stolen goods. A representative of Upland identified the tools as those stolen from the trailer. He said that Horn had not been granted permission to enter the trailer or to remove any property therefrom.

It is clear that Horn's criminal agency was shown by applying the rule that in the absence of a satisfactory explanation, the exclusive possession of recently stolen

---

**1.** The storehouse breaking was charged by the first count of indictment 17500449. That indictment and indictment 17500451 were jointly tried. He was convicted also of the offense of petit larceny charged by the first count of the latter indictment and given a concurrent sentence of 18 months. He does not challenge that judgment. Upon the convictions, other outstanding indictments, 17500450, 17500452, 17500453 and 17500454, were disposed of by the entry of a *nolle prosequi* in open court.

goods permits the drawing of an inference of fact that the possessor was the storehouse breaker. *Boswell and Poe v. State,* 5 Md. App. 571 (1968); *Burkett v. State,* 5 Md. App. 211, 217-218 (1968), *cert. den.,* 252 Md. 730; *Fisher v. State,* 5 Md. App. 155 (1968). It is Horn's position that "[e]vidence showing merely that [he] was in possession of recently stolen goods is not sufficient to sustain a conviction of storehouse breaking in light of recent Supreme Court decisions." He refers to *Mullaney v. Wilbur, supra,* "when read in conjunction with prior Supreme Court decisions on presumption in criminal cases. . . ." [2] Those decisions, Horn urges, reveal "serious constitutional infirmities" in the established rule regarding exclusive possession of recently stolen property.

We carefully analyzed *Mullaney* in *Evans v. State,* 28 Md. App. 640 (1975). We observed that the rule regarding possession of recently stolen goods does not create a "presumption" but merely permits an inference of fact. We concluded in *Evans,* at 703-704: "Since an inference does not shift a burden either of persuasion or of going forward with evidence, it does not come under the scrutiny of *Mullaney v. Wilbur* in that regard. Since an illogical or improbable 'inference' would, however, unfairly relieve the State of part of its burden of proving every element of a case beyond a reasonable doubt, the inference, even as a mere inference, must pass constitutional muster under *United States v. Gainey,* 380 U. S. 63, 85 S. Ct. 754, 13 L.Ed.2d 658 (1965); *United States v. Romano,* 382 U. S. 136, 86 S. Ct. 279, 15 L.Ed.2d 210 (1965), and *Leary v. United States,* 395 U. S. 6, 89 S. Ct. 1532, 23 L.Ed.2d 57 (1969). It must, therefore, be based upon a rational connection between the facts established and the fact to be inferred. Conversely, it 'must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact [the inferred

---

**2.** Horn cites: Tot v. United States, 319 U. S. 463 (1943); United States v. Gainey, 380 U. S. 63 (1965); United States v. Romano, 382 U. S. 136 (1965); Leary v. United States, 395 U. S. 6 (1969); Barnes v. United States, 412 U. S. 837 (1973).

26

fact] is more likely than not to flow from the proven fact on which it is made to depend.' *Leary v. United States, supra,* at 89 S. Ct. 1548, cited in *Lindsay v. State, supra,* at 8 Md. App. 109." We expressly affirm this view and apply it to decide the case before us. We find that the rule with respect to exclusive possession of recently stolen goods, applied to permit an inference that the possessor broke a storehouse, is based upon a rational connection between the facts established, to wit, the breaking of the storehouse, the larceny of certain goods, and the exclusive possession by the accused of those recently stolen goods, and the fact to be inferred, namely, that the possessor was the criminal agent in the breaking. We think that it can be said with substantial assurance that the inferred fact is more likely than not to flow from the proved facts on which it is made to depend. Therefore, the rule of possession of stolen property passes constitutional muster and does not come under the scrutiny of *Mullaney*.

*Judgment affirmed.*