GWALTNEY, Etc. *v.* MORRIS

[No. 100, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, MARBURY and OPPENHEIMER, JJ.

*Richard W. Barnes* for the appellant.

*Laurence T. Scott* for the appellee.

MARBURY, J., delivered the opinion of the Court.

Appellant, Ida Mae Gwaltney, sued to recover damages for the wrongful death of her husband, Cecil Clair Gwaltney, as his personal representative, under the provisions of Title 8, Sections 633-40 of the Virginia Code, the substantive law governing, because the accident occurred in Virginia. It was brought in Maryland against the appellee, Morris, since he was a resident of this State.

On September 22, 1962, while driving in his proper lane on Route 7 in Virginia, the decedent's automobile was struck by a vehicle operated by appellee. Eyewitnesses testified that Morris was recklessly pursuing their car when his vehicle crossed into the opposing traffic lane and struck decedent's automobile. There was testimony that appellee and another passenger appeared highly inebriated. During the cross-examination of appellant, three witnesses produced by the appellee, Nancy C. Gwaltney, Joseph C. Gwaltney, children of decedent by previous marriages, and William E. Leftwich entered the courtroom and heard questions addressed to appellant. Appellee's counsel noticed them and raised the question posed by their presence in view of the rule on excluding witnesses which had been invoked by him. Appellant at that time objected to permitting them to testify because they had violated the exclusion rule. The court ruled that they could testify because "it had not reached the point where it has prejudiced any party to the proceedings," and thereupon excluded them from the courtroom.

Dr. Pack, decedent's attending physician, testified that he was in good health a year before the accident, and that after the accident his physical condition progressively deteriorated until he died on November 6, 1962, of aggravated hypertension, lung contusion, fractured ribs and renal failure, and that the trauma from the accident caused his death. Thereafter, appellant offered as a witness Clarence S. Bruce, a United States government expert in vehicular collisions, for the purpose of testifying to the force of the collision in terms of foot pounds of pressure on the basis of the evidence, his experiments and experience. The court sustained appellee's objection to this proffered testimony on the ground that the expert was not qualified.

The jury retired, and while considering their verdict, addressed a note to the trial court inquiring: "Did Dr. Pack testify that the accident caused Mr. Gwaltney's death or could have caused his death?" The court after conferring with counsel recalled the jury and declined to answer the question, explaining that this portion of Dr. Pack's testimony could not be reread without rereading Dr. Pack's entire testimony, direct, cross and redirect, which was not customary or proper. Where-

upon, the jury returned to the jury room and subsequently brought in a verdict for the appellee.

The appellant first contends that the ruling of the trial court in permitting appellee's witnesses to testify after they had violated the ruling on the exclusion of witnesses was prejudicial error. These witnesses had been challenged by the bailiff as they entered the courtroom, but they remained therein five to seven minutes until noticed by the appellee's counsel, who was in the process of cross-examination of the appellant. Appellant argues that the witnesses' testimony should have been excluded because they heard some of her answers on cross-examination and thus this would affect their own testimony. However, we find from the record that their testimony was limited and in essence was to the effect that their father was a heavy drinker throughout his life, that the marital relationship between the decedent and Mrs. Gwaltney was not good, and a divorce was contemplated. It is improbable from the very nature of their testimony that they would in fact have learned anything which would assist them in testifying. We think that it was not prejudicial error to allow the three disobedient witnesses to testify as it was within the court's discretion to decide whether the witnesses had remained in the courtroom long enough to have been influenced by another's testimony.

Prior to the adoption of the exclusion rule, it was within the the discretion of the trial court whether to exclude a witness upon request, but abuse of discretion was reversible error. *Jones v. State,* 185 Md. 481, 45 A. 2d 350; *Parker v. State,* 67 Md. 329, 10 Atl. 219. The present Maryland Rule, 546, provides in part that "the court may upon its own motion and shall, upon the request of a party, order that the witnesses, other than a party, be excluded from the courtroom until called upon to testify." It has been held that the rule is now obligatory and no longer discretionary. *Swift v. State,* 224 Md. 300, 167 A. 2d 762. As stated in *Frazier v. Waterman S. S. Corp.,* 206 Md. 434, 446, 112 A. 2d 221, " 'The ascertainment of the truth is the great end and object of all the proceedings in a judicial trial,' we think that the complete exclusion of the testimony of witnesses for a violation of the sequestration rule is not lightly to be imposed as a penalty upon even an offending party." The

purpose of the exclusion rule is to prevent witnesses from being taught or prompted by another's testimony. *Bulluck v. State*, 219 Md. 67, 148 A. 2d 433.

The appellant next complains that it was prejudicial error for the trial court not to allow the expert's testimony. Assuming without deciding that the expert was qualified to give an opinion as to the force involved, and that the trial court was in error in sustaining the appellee's objection on the basis that he was not qualified, nevertheless we find that there was not prejudicial error under the evidence before us. The formula involved was weight times velocity squared divided by two times gravity which equals force of collision in foot pounds. To use this formula, the expert would have to know the weight and velocity of each vehicle. Here, the speed of only one of the two automobiles was in evidence. Thus, the expert would have to compute his foot pounds of force between limits, so that if he speculated that the speed of the decedent's car was thirty-five miles per hour, his answer would have been a force of approximately 20,000 foot pounds; but if he thought that the speed was fifty miles per hour, then the answer would be approximately 40,000 foot pounds of force. We find that the expert could only give a series of possible forces that would have been involved at various speeds, and thus the jury would have to speculate as to the speed of the decedent's automobile. The important factor to the triers of the facts was not the foot pounds measurement, but that a substantial force was exerted. There was ample evidence before them from which they could decide that a considerable force was in fact involved. The jury had the photographs which portrayed the damage to the automobiles and testimony that at least one of the two cars was going fifty to fifty-five miles per hour at the time of the impact or immediately prior thereto. The mathematical measurement in foot pounds would not have been of real appreciable aid to the triers of fact which is the test of the admissibility of an expert's testimony. *Gault v. State*, 231 Md. 78, 188 A. 2d 539; *Harper v. Higgs*, 225 Md. 24, 169 A. 2d 661; *Shivers v. Carnaggio*, 223 Md. 585, 165 A. 2d 898.

The appellant contends that it was error for the trial court not to reread to the jury part of Dr. Pack's testimony upon

their request. The record clearly indicates that appellant was satisfied with the court's ruling on the request, and no objection being made, she did not preserve her right now to question the ruling on this appeal. Rule 522 b.

Since the record before us discloses no reversible error, the judgment must be affirmed.

*Judgment affirmed. Appellant to pay costs.*