**Hassie Cane MARTIN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1965.

Opinion Supplemented on Denial of

Rehearing Dec. 17, 1965.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

This is an appeal from an action instituted in the Fayette Circuit Court, pursuant to RCr 11.42, in which appellant, Hassie Martin, sought to have .set aside a judgment of that court by which he was convicted of murder on February 3, 1961, and was sentenced to death.

The original judgment of conviction was appealed to this Court and affirmed in Martin v. Commonwealth, Ky., 361 S.W.2d 654. The United States Supreme Court denied certiorari on January 21, 1963, and a petition for rehearing was overruled on February 22, 1963.

Afterwards Martin filed a habeas corpus petition in the United States District Court for the Western District of Kentucky in which he raised substantially the same issues as are presented by this RCr 11.42 proceeding. The petition was denied and an opinion was filed in which the issues were discussed in detail. This opinion by Judge Roy M. Shelbourne may be found in 221 F.Supp. 112. In turn the case was appealed to the United States Court of Appeals for the 6th Circuit where the District Court judgment was affirmed, 331 F.2d 603, and later the United States Supreme Court denied certiorari, 379 U.S. 925, 85 S.Ct. 280, 13 L.Ed.2d 338.

Thereafter the present action was instituted. The commonwealth filed a response in which was delineated the history of the case. It stated that no new and different grounds were stated in the motion that the courts had not already thoroughly and fully reviewed. Upon submission the trial court adjudged the response to be sufficient and overruled the motion to vacate the original judgment.

On this appeal this Court has examined the questions presented in a brief for appellant, has compared them with the questions heretofore decided by this Court and by the federal courts and has found the questions presented to be substantially the same as those heretofore decided. We have again reviewed the law in connection with the issues raised and have determined that no error was committed in the original trial prejudicial to the substantial rights of the appellant, and are of opinion that appellant has not been deprived of his constitutional rights under Section 11 of the Kentucky Constitution and the 6th and 14th Amendments to the Constitution of the United States. Furthermore, we do not find the 1965 U. S. Supreme Court's decision in Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed. 934, and Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, applicable because none of Mr. Downing's testimony in chambers was presented to the jury. Mr. Downing did not appear as a witness before the jury, so that the right of confrontation and cross-examination under the Sixth Amendment was not involved.

Judgment affirmed.