**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Vernon LEWIS, Jr., Defendant-Appellant.**

**No. 27152.**

United States Court of Appeals Fifth Circuit.

Jan. 9, 1970.

L. Paul Cobb, Jr., Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Theodore E. Smith, Robert L. Smith, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant was convicted of murder of a fellow inmate in the Atlanta Federal Penitentiary in violation of 18 U.S.C. § 1111. He assigns as error, within the contemplation of Rule 43, Fed.R.Crim.P., the failure to have the accused present on four separate occasions during the course of the trial when the Judge, the official court reporter and counsel for the United States and for the defendant met in the Judge's chambers. At no time did appellant or his counsel request his presence and no objection to the failure to include him in the several conferences was made by appellant's counsel. The Trial Judge did not inform appellant that he had a right to be present. All that transpired in the conferences is a matter of record in these proceedings.

The first conference, without the presence of the accused, was held in the Judge's chambers to discuss whether a daily report to the Warden, written by J. D. Walton employed by the Federal Penitentiary at Atlanta as a correctional officer, should be made available to defendant's counsel. None of the attorneys had any knowledge of the report until it was referred to in Walton's

cross-examination by defense counsel. The Court required that the Government produce the report in order that it might be examined by appellant's counsel, after which Walton was thoroughly examined by appellant's counsel on recross-examination. At the same conference appellant's counsel raised the question of whether a death certificate could properly be introduced by the Government. No decision was reached but when the proffer of the death certificate was made in open court, the District Judge declined to admit it, and sustained defendant's objections to it.

The next conference, with appellant not present, was held to discuss whether the witness Barfield would be allowed to testify. The witness, a fellow inmate, contended that he was being forced by Penitentiary officials to offer perjured testimony. The Trial Judge conducted a hearing on the issue separate from the trial and decided that Barfield knew nothing about the case and dismissed him as a witness.

All of the foregoing rulings of the Trial Judge favored appellant. The third and fourth meetings, without the accused's presence, were held to discuss the Trial Judge's charge to the jury.

It is obvious that none of the four meetings referred to was a stage of the trial which required the accused's presence. Rule 43, Fed.R.Crim.P. Nor was the accused in any way prejudiced thereby. *See* 8A Moore, Federal Practice § 43.03(2). Appellant's counsel has cited a number of cases, none of which is apposite to the facts in the present case. He places strong reliance on this Circuit's decision in *McKissick v. United States*, 5 Cir., 1967, 379 F.2d 754, but in *McKissick*, the Trial Judge declared a mistrial when the defense attorney informed the Court in chambers that his client had told him that the client had perjured himself. The record did not disclose whether the defendant was present in chambers at that time. We remanded the case for determination of the appropriate facts and further to determine whether there was any preju-

dice occasioned by the accused's absence. The situation in *McKissick* is in no way similar to that here.

Affirmed.